IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARILYN C. DAILEY,** | * | |
| Plaintiff, | * | |
| vs. | * | CIVIL ACTION NO. 13-00559-CG-B |
| **CAROLYN W. COLVIN,** | * | |
| Commissioner of Social Security, | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Application For Attorney Fees Under the Equal Access to Justice Act ("EAJA") and the response of Defendant, the Commissioner of Social Security. (Docs. 22, 23). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Plaintiff's application be **GRANTED** and that Plaintiff be awarded a reasonable attorney's fee in the amount of **$ 3,906.71** under the EAJA for legal services rendered by her attorney in this Court.

### I. Findings Of Fact

Plaintiff commenced this action on November 14, 2013. (Doc. 1). On June 20, 2014, the parties filed a Stipulated Motion for Remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17). The

undersigned entered a Report and Recommendation on June 23, 2014, recommending that Defendant's motion be granted and that the decision of the Commissioner be reversed and remanded. (Doc. 18). On June 25, 2014, the Report and Recommendation was adopted as the opinion of the Court, and Judgment was entered reversing and remanding this cause to the Commissioner of Social Security for further proceedings. (Docs. 20, 21).

On September 22, 2014, Plaintiff filed a Motion for Attorney's Fees under the EAJA,[1] and requested an attorney's fee award of $3,906.71. (Doc. 22). The sum requested represents a total of 20.70 hours, at an hourly rate of $ 188.73 per hour, for attorney time spent representing Plaintiff in this Court. (Id. at 1). Defendant has filed a Response in which she states that she has no objection to Plaintiff's fee request or the amount of the fee request and that she consents to an award of $3,906.71 in attorney's fees, payable to Plaintiff.[2] (Doc. 23 at 1). For the reasons set forth herein, the Court finds Plaintiff is entitled to an award of attorney's fees

---

[1] One of the requirements for eligibility for an attorney's fee award under the EAJA is that the claimant must show that he or she is a prevailing party in a non-tort suit involving the United States. 28 U.S.C. § 2412(d)(1)(B). It is undisputed in this case that Plaintiff meets this requirement.

[2] The Court observes that under the EAJA, "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008).

2

under the EAJA and that the hourly rate utilized to calculate the attorney's fees is due to be adjusted upward to take into account the prevailing market rate for social security cases in the Southern District of Alabama.

**II. Conclusions Of Law**

The U.S. Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). See also Jean v. Nelson, 863 F.2d 759, 772-73 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), aff'd sub nom, Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990).

**A. EAJA Hourly Rate**

The EAJA (as amended)[3] provides, in relevant part, as

---

[3] On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour. See, e.g, Winters v. Astrue, 2012 U.S. Dist. LEXIS 59791, *3 n.2, 2012 WL 1565953, *2 n.2 (S.D. Ala. April 9, 2012). These amendments apply to civil actions commenced on or after the date of enactment. Id. Therefore, the statutory cap of $125.00 per hour applies in this present action.

follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall *not* be awarded in excess of $125.00 per hour **unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.**

28 U.S.C. § 2412(d)(2)(A) (emphasis added). In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations and footnote omitted).

The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to take into account an increase in the cost of living. Lucy v. Astrue, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007). In Lucy, the following formula, based on the CPI, was utilized:

4

>     ($125/hour) x (CPI-U Annual Average "All Items
>     Index," South Urban, for month and year of
>     temporal midpoint)/152.4, where 152.4 equals
>     the CPI-U of March 1996, the month and year in
>     which the $125 cap was enacted.

Id. at *13-14. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment. Id. at *5-6.

The undersigned finds, based on the Lucy decision, that the formula utilized by the Court in Lucy is the proper method in this District for determining the attorney fee rate in cases such as these. The Complaint in this action was prepared and filed on November 14, 2013, and the Order and Judgment were issued by the Court on June 25, 2014. (Docs. 1, 20, 21). The number of days between those two dates is 223; thus making March 5, 2014, the "temporal midpoint" between those two dates. The CPI-U for March 5, 2014, is 230.095. Plugging the relevant numbers into the foregoing formula renders the following equation: $125 x 230.095/152.4. This calculation yields an hourly rate, adjusted for "cost of living" increases, of $188.73. Accordingly, based on the formula set forth in Lucy, the undersigned finds that an hourly rate of $188.73 is appropriate.

**B.   Reasonableness of Hours**

With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and

5

hourly rates." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Id. at 1306.

In the case *sub judice*, Plaintiff has attached to the motion a time sheet detailing the description of work performed, the time expended, and the date on which the work was performed. (Doc. 22, att. 1). The undersigned has reviewed this document and has considered the circumstances presented, as well as the usual number of hours billed by attorneys in similar actions. See, e.g., Clausell v. Astrue, 2012 U.S. Dist. LEXIS 167856, *7, 2012 WL 5933025 (S.D. Ala. Nov. 27, 2012) (awarding attorney's fees under the EAJA and finding 19.2 hours of attorney time in a social security case to be reasonable); Carter v. Astrue, 2012 U.S. Dist. LEXIS 132089, *4-5, 2012 WL 4077289, *2 (M.D. Fla. Sept. 17, 2012) (accord) (finding 14 hours of attorney time in a social security case to be reasonable). The Court agrees that 20.70 hours is a reasonable number of hours for attorney time expended representing Plaintiff in federal court. Thus, considering 20.70 hours of work performed at a rate of $188.73 per hour, Plaintiff is entitled to attorney's fees of $3,906.71.

## III. CONCLUSION

Upon consideration of the pertinent pleadings, the undersigned

Magistrate Judge **RECOMMENDS** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act be **GRANTED** and that Plaintiff be awarded a reasonable attorney's fee in the amount of **$3,906.71** under the EAJA for legal services rendered by her attorney in this Court.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); **S.D. Ala. L.R.** 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **2nd** day of **October, 2014.**

>       /s/ SONJA F. BIVINS
> **UNITED STATES MAGISTRATE JUDGE**