```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

```
MARILYN C. DAILEY,                *
                                  *
      Plaintiff,                  *
                                  *
vs.                               *   CIVIL ACTION NO. 13-00559-CG-B
                                  *
CAROLYN W. COLVIN,                *
Commissioner of Social            *
Security,                         *
                                  *
                                  *
      Defendant.                  *
```

## REPORT AND RECOMMENDATION

This action is before the undersigned Magistrate Judge on Petitioner Byron A. Lassiter, Esq.'s Motion for Attorney's Fees in connection with his representation of Plaintiff, Marilyn C. Dailey, who brought an action before this Court seeking disability insurance benefits and supplemental security income, under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.,* and 1381, *et seq.* (Doc. 27). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the motion, the Commissioner's lack of opposition thereto (Doc. 28), and all other pertinent portions of the record, it is the recommendation of the undersigned that Petitioner's motion be **GRANTED** and that

he be awarded a reasonable fee in the amount of **$2,710.75** under the Social Security Act, 42 U.S.C. § 406(b).

## I. Findings of Fact

Petitioner Byron A. Lassiter, Esq. was hired by Plaintiff to represent her in connection with her claim for a period of disability, disability insurance benefits, and supplemental security income on October 25, 2013. (Doc. 27-3, "Fee Agreement"). The Fee Agreement entered into by Plaintiff and Mr. Lassiter in October 2013 provides, in pertinent part, that if there is a favorable award from the Commissioner, Plaintiff agrees to pay an attorney's fee equal to 25% of the combined gross retroactive benefits prior to any reduction under the Act and that if the appeal of Plaintiff's claim results in a favorable decision justifying an award of attorney's fees under the EAJA, the attorney has the option of filing a motion with the court to retain either the EAJA fee or any fee awarded under 42 U.S.C. §406(b), whichever amount is higher and refund to Plaintiff the lower of the two amounts, if any. (Id.).

On June 25, 2014, this Court granted the Commissioner's unopposed motion to remand pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to allow the Administrative Law Judge the opportunity to hold a new hearing, obtain supplemental vocational expert testimony, and

2

assess Plaintiff's residual functional capacity based on the record as a whole, including the evidence gathered at the new hearing. (Docs. 18, 20, 21). Thereafter, on October 21, 2014, the Court granted Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) in the sum of $ 3,906.71. (Docs. 24, 25, 26).

On May 6, 2015, following remand, an Administrative Law Judge rendered a fully favorable decision, finding that Plaintiff is disabled and that she was entitled to benefits commencing June 2013. (Doc. 27 at 4; Doc. 27-2). Pursuant to Section 206 of the Social Security Act, codified at 42 U.S.C. § 406, the Administration withheld 25% of Plaintiff's past-due benefits in order to pay for approved attorney's fees, that amount being $8,710.75. (Doc. 27-2; Doc. 27 at 3). Thus, the amount of Plaintiff's past-due benefits owed was $34,843 ($34,843 x 25% = $8,710.75).

According to Petitioner, he previously petitioned the Social Security Administration for an attorney's fee under §406(a) for representation of Plaintiff before the Administration and received $6,000. (Doc. 27 at 4). Also, as stated, the Court previously awarded him attorney's fees under the EAJA in the amount of $3,906.71. (Id. at 5).

In the present petition, Petitioner seeks to have the remainder of the 25% of Plaintiff's past-due benefits,

$2,710.75, awarded to him as additional attorney's fee under § 406(b). (Doc. 27 at 3). Petitioner asserts that this request is consistent with the fee agreement that Plaintiff executed upon retaining him such that when the remaining $2,710.75 is combined with the $6,000 he has already received under § 406(a), the total award would not exceed twenty-five percent of Plaintiff's past-due benefits. In addition, Petitioner requests that he be allowed to retain the greater award of attorney's fees under the EAJA, $3,906.71, and that he return to Plaintiff the lesser award of $2,710.75, which he seeks under § 406(b).

In response to Petitioner's request, the Commissioner states that she does not object to the requested fee but agrees that an attorney who has received attorney's fees under both § 406(b) and the EAJA must refund the lesser amount to his client. (Doc. 28 at 1).

## II. Conclusions of Law

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2412(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under Section 406(a) are paid out of the claimant's past-due benefits awarded and are

capped at twenty-five percent of past-due benefits awarded or a lesser fixed amount.  42 U.S.C. § 406(a)(2)(A) and (B).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d).  Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which are paid out of the claimant's past-due benefits awarded.  42 U.S.C. § 406(b)(1)(A).  Section 406(b) imposes a cap on the total amount of fees that may be awarded, providing that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).

Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum."  Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted; emphasis in original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for

5

reasonableness fees yielded by those agreements." <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 808-09 (2002) ("Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . .  Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. . . .  In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

<u>Gisbrecht</u>, 535 U.S. at 808 (internal citations omitted).

In line with <u>Gisbrecht</u>, therefore, this Court need begin with the contingency fee agreement and should only reduce the amount called for by the agreement upon a determination that this amount is unreasonable.  In adopting this approach, the

6

Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in Kay v. Apfel, 176 F.3d 1322, 1323 (11th Cir. 1999), in favor of the contingency fee approach of other Circuits, including the Second Circuit, in Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable"); see also Gisbrecht, 535 U.S. at 799, 808-09.

By contrast, the EAJA permits a claimant to seek an award of fees against the government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified.  28 U.S.C. § 2412(d)(1)(A).  The EAJA contains a Savings Provision that provides that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." Jackson v. Commissioner of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (quoting 28 U.S.C. 2412 note).

This Circuit has held that "the aggregate of the attorney's fees awarded under § 406(a) and § 406(b) may not exceed 25% of the claimant's past due benefits." Bookman v. Commissioner of Soc. Sec., 490 Fed. Appx. 314, 316 (11th Cir. 2012).  "As the total fee under Sections 406(a) and (b) cannot exceed 25% of

7

the past-due benefits and 'double dipping' under the EAJA is not allowed, the Court generally needs to know the amount awarded under §406(a) (if any), amounts paid under EAJA (if any), and the total amount of past due benefits calculated by the agency, in order to evaluate the § 406(b) motion." Bibber v. Commissioner of Soc. Sec., 2014 U.S. Dist. LEXIS 181660, *4 (M.D. Fla. Oct. 29, 2014), *adopted by* 2015 U.S. Dist. LEXIS 14048, 2015 WL 476190, *4-5 (M.D. Fla. Feb. 5, 2015).

As previously stated, based on the information provided to Plaintiff by the Social Security Administration (Doc. 27-2), 25% of Plaintiff's past-due benefits is $8,710.75, making the total amount of past due benefits $34,843.  (Doc. 27 at 4). The contingency agreement, which Plaintiff entered into on October 25, 2013 (Doc. 27-3, "Fee Agreement"), contemplates attorney's fees of as much as 25% of the claimant's past-due benefits following a favorable decision.  (Id.).  It is apparent to the Court that the amount requested by Petitioner herein ($2,710.75), added to the statutory attorney's fees already paid by the Administration under § 406(a) ($6,000) (Doc. 27 at 4), does not exceed 25% of the past-due benefits that Plaintiff has been awarded in this case.  Moreover, there is no evidence that Petitioner delayed this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall to Petitioner.  Given the length of

8

Petitioner's relationship with the claimant and the favorable results achieved by Petitioner for the claimant, the Court considers the requested amount reasonable and finds that Petitioner's request for fees under § 406(b) is due to be granted.

Mindful of the EAJA Savings Provision requiring that an attorney who receives fees for the same work under both 406(b) and the EAJA must refund to the claimant the amount of the smaller fee, Jackson, 601 F.3d at 1271, counsel in this case has requested that he be allowed to keep the greater award received under the EAJA ($3,906.71) and return to Plaintiff the lesser award which he seeks under §406(b) ($2,710.75).  In McCann v. Astrue, this Court granted a similar request, stating:

> Congress has addressed the issue of "double dipping" by requiring that the lesser of the EAJA or §406(b) fee be refunded to the Plaintiff. Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under §406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 186.") A requirement that Petitioner return the higher of the fees would contradict Congress' determination of how the statutes should be harmonized. Also, in Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir.1985), the court acknowledged that a Petitioner who received EAJA fees would have to reimburse the claimant for the

9

> §406(b) fees and then also held that EAJA fees could exceed the twenty-five percent (25%) limitation imposed by §406(b).

McCann, 2009 U.S. Dist. LEXIS 115344, *3-4, 2009 WL 4884308, *1 (S.D. Ala. Dec. 10, 2009).[1] Accordingly, the Court finds that Petitioner's request that he be awarded $2,710.75 in attorney's fees under § 406(b) and that he be allowed to refund that amount to Plaintiff and retain the attorney's fees previously awarded under the EAJA in the amount of $3,906.71 is due to be granted.

**III. Conclusion**

Based on the foregoing, it is the recommendation of the undersigned that Petitioner's motion be **GRANTED** and that Petitioner Byron A. Lassiter, Esq., receive, as an attorney's fee pursuant to § 406(b) for services rendered at the federal court level, the sum of **$2,710.75.** This sum is equal to twenty-five (25%) percent of the total past-due benefits awarded to Plaintiff, minus the administrative amount previously paid ($6,000). Because Petitioner seeks to retain the greater award

---

[1] This Court in McCann rejected the argument that an attorney could not retain an EAJA fee if it exceeded the twenty-five percent cap in § 406(b) when combined with the § 406(a) fee. McCann, 2009 WL 4884308 at *1 (S.D. Ala. Dec. 10, 2009). The Court held that only combined attorney's fee recoveries under § 406(a) and § 406(b) were limited to twenty-five percent of Plaintiff's past-due benefits. Id., 2009 WL 4884308, at *1. Rather, an EAJA fee award could exceed the twenty-five percent limitation imposed by § 406(b) and, where fees had been awarded under both the EAJA and § 406(b), the only requirement was that the attorney refund the lesser of the two awards to the claimant. Id.

10

of EAJA attorney's fees, he is instructed to refund to Plaintiff the lesser award under § 406(b) in the amount of $2,710.75.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **October, 2015.**

<div style="text-align: right">

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

</div>